UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                        CRIMINAL ACTION

VERSUS                                                            NO. 05-27

DEMOND WRIGHT                                            SECTION "R"

## ORDER AND REASONS

Before the Court is defendant Demond Wright's motion for early termination of supervised release.[1] The Government opposes the motion.[2] For the following reasons, the Court denies the motion.

## I.    BACKGROUND

On June 8, 2005, Demond Wright pled guilty to one count of possession with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A).[3] On November 10, 2005, the Court sentenced Wright to a term of imprisonment of twenty years, to be followed by a ten-year term of supervised release.[4]

---

[1]    R. Doc. 61.
[2]    R. Doc. 62.
[3]    R. Docs. 25, 28.
[4]    R. Doc. 37.

On March 27, 2019, on its own motion, the Court granted a reduction in defendant's sentence pursuant to the First Step Act of 2018, thereby reducing his prison sentence to ten years, and reducing his term of supervised release to eight years.[5]

Wright completed his prison sentence on April 5, 2019.[6] On October 19, 2021, Wright moved for early termination of supervised release.[7] The government opposed the motion.[8] On March 17, 2022, the Court denied that motion with written reasons.[9] Having completed six years of supervised release, Wright now moves for early termination of supervised release.[10] The Government opposes the motion.[11]

The Court considers the motion below.

## II.    LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant . . . any time after the

---

[5]    R. Doc. 49.
[6]    *See* Fed. Bureau of Prisons, *Find an Inmate* (2025), https://www.bop.gov/inmateloc.
[7]    R. Doc. 51.
[8]    R. Doc. 55.
[9]    R. Doc. 58.
[10]    R. Doc. 61.
[11]    R. Doc. 62.

expiration of one year of supervised release" after considering enumerated factors set out in 18 U.S.C. § 3553(a).  Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, the kinds of sentences and sentencing ranges available, and the need to avoid unwarranted sentencing disparities among similarly situated defendants.  *See* 18 U.S.C. § 3553(a).  The Court may grant early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  The Court has broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

## III.  DISCUSSION

The Court finds that the § 3553(a) factors do not weigh in favor of early termination of Wright's term of supervised release.

First, the Court considers the history and characteristics of the defendant.  *See* 18 U.S.C. § 3553(a)(1).  Defendant submits multiple letters from community associates of Wright's, each expressing admiration for Wright's character.  As with his previous motion, the Court finds that the

history and characteristics of Wright weigh in favor of early termination of supervised release.

However, two important factors that weigh against early termination remain.  As explained in the Court's previous order, Wright's criminal history, enumerated in his presentence investigation report, is extensive. Wright has convictions for battery of a police officer, flight from an officer, possession of marijuana, and possession of cocaine.[12]  Further, at the time of the instant offense, Wright was on probation.[13]  This criminal history weighs against granting Wright's motion.

Second, the nature and circumstances of this offense weigh against early termination of supervised release.  As described in this Court's previous order, the instant offense has troubling details.  The factual basis that Wright signed indicates that, during the police encounter underlying this offense, Wright drove his car straight toward two Hammond police offers, causing them "fear for their lives."[14]  After crashing into a ditch and driving through a yard around a mobile home, Wright attempted to run into the officers a

---

[12]    Demond Wright, Presentence Investigation Report ¶¶ 27-35.

[13]    *Id.* ¶ 36.

[14]    R. Doc. 31 at 1-2.

second time.[15]  The Court finds that the violent nature of the offense weighs against granting defendant's motion.

The Court notes that defendant has now completed six years of his eight-year term of supervised release.  Although this is a substantial portion of Wright's supervised release, the Court is not convinced that granting termination at this stage would reflect "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment."  18 U.S.C. § 3553(a)(2)(A).

The Court finds that defendant's personal growth and positive work in the community is insufficient to outweigh the other § 3553(a) factors, which disfavor early termination of Wright's supervised release.  Accordingly, the Court finds that early termination is not warranted by defendant's conduct or the interests of justice.  *See* 18 U.S.C. § 3583(e).

---

[15]    *Id.* at 2.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.


New Orleans, Louisiana, this   25th   day of July, 2025.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

6